## Charles A. Phelps et al., Appellants, v. William O. Winch et al., Appellees.

### Gen. No. 7,043.

1. NUISANCES—*dance and amusement pavilion not a nuisance per se*. An amusement pavilion wherein are conducted dances, amusement devices and music nightly and to which large crowds and automobile parties come and where the dances and amusements are conducted until midnight every night in the week with dancing on Sunday afternoon is not a nuisance *per se* even though the peace and quiet of cottagers residing near by are thereby disturbed.

2. NUISANCES—*adjudication at law of existence of nuisance as prerequisite to injunctive relief*. An injunction restraining the operation of a dance pavilion and amusement resort on the shores of a pleasure resort lake at the suit of cottagers residing near by whose peace and quiet are disturbed by the noises therefrom and lights of automobiles driving to and from such resort past their properties on a public highway will not issue until the complainants have first established in law their right to damages and to relief from the noises and disturbances, the community in question being a crowded one and the rights of the opposing parties doubtful under the circumstances.

Appeal from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed October 25, 1922.

ELAM L. CLARKE, for appellants.

E. M. RUNYARD, for appellees.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

The 'complainants, Charles A. Phelps, Frank C. Karg and Adelaide Glennon, filed their bill of complaint against the defendants, William O. Winch, Emma Winch and Homer O. Winch, praying that the defendants be enjoined from conducting and operating a dance pavilion or from conducting or maintaining any entertainment in said pavilion by which the peace and quiet of any of the complainants may be disturbed.

The pavilion in question is located upon the banks of Channel Lake, a pleasure resort, in Lake county. The land along the bank of the lake is subdivided into lots with a highway back of them. Phelps owned certain of said lots with a cottage thereon; Karg owned other lots and has a cottage on them, so did Adelaide Glennon. Each of the cottages have numerous living rooms and are surrounded by shrubs and trees and have a short frontage on the lake. The defendants, William O. Winch and Emma Winch, erected a pavilion upon lots owned by them wherein they conducted amusements, such as dances, box ball, bowling alleys, billiard tables, pool tables and music. Many people gather at the pavilion every night during the summer season. Some of them come from a distance and travel along the highway back of the lots in automobiles. Other people, living in the vicinity in cottages along the lake, also come there. The amusements are conducted until about twelve o'clock each night including Sunday night and there is dancing Sunday afternoons. It is charged in the bill that the noises from the pavilion and the automobiles and the lights from the automobiles flashing into the houses of the complainants late at night disturb their peace

and quiet and constitute a nuisance which ought to be enjoined.

A demurrer to the bill was overruled and William O. Winch and Emma Winch answered the bill and afterwards amended the answer. The cause was then referred to the master to report his findings of fact and law. The master found that the premises as conducted by the defendants are a nuisance and that defendants should be restrained from conducting the dance pavilion and amusements therein in such an unreasonable manner as to interfere with the comforts and reasonable enjoyment of life by the complainants and other persons occupying their premises. The defendants filed exceptions to the report of the master both as to his findings of fact and to his conclusions of law. His findings of fact were sustained by the circuit court but his conclusions of law were overruled and the bill dismissed for want of equity. The complainants prosecuted this appeal from that decree.

The question for our decision is whether the facts presented on this record authorize relief by injunction without the rights of the parties having been first determined in a suit at law. "Courts of equity have power to give relief, whether against public or private nuisances, by canceling or abating or restraining the continuance of their existence. This jurisdiction was not an original one and is of comparatively recent origin. The general rule is that it is exercised sparingly, with caution, and only in extreme cases, at least until after the right and the question of the nuisance have first been settled at law." (*City of Pana v. Central Washed Coal Co.*, 260 Ill. 111.) Where the legal right is clearly established and the unreasonable and unlawful use of property to the injury of others clearly appears, it is not necessary that the question should be first determined in a suit at law; but relief by injunction, being severe in its consequences, will not be

granted unless the right to it is clearly and conclusively made out.

The business of the defendants may be a lawful one and is not a nuisance *per se*. Whether under all the circumstances the conduct of defendants' business was a nuisance is a doubtful question depending upon the evidence and also depending upon what the rights of the parties are who live in crowded communities of this kind. It must be considered doubtful whether or not the defendants had the right to conduct such a pleasure pavilion and summer resort, and it is also doubtful whether or not the complainants who own cottages near by had a right to complain of the noises or lights of automobiles and other circumstances attending the conduct of defendants' business. In such a case the rule is well settled that before a court of equity will issue an injunction, it is necessary that the complainants first resort to a court of law to establish their right to damages and their right to be freed of the things of which they complain. (*City of Pana v. Central Washed Coal Co., supra,* and cases therein cited; *Sutton v. Findlay Cemetery Ass'n,* 270 Ill. 11.) Our conclusion is that the court properly denied an injunction and dismissed the bill. The decree will therefore be affirmed.

*Decree affirmed.*